# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TARRELL MOSLEY,<br><br>     Plaintiff,<br><br>     v.<br><br>DWIGHT NEVEN,<br><br>     Defendant. | 2:14-cv-627-APG-GWF<br><br>**ORDER** |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On June 4, 2014, Magistrate Judge Foley issued an order notifying Plaintiff that the Court would dismiss the action with prejudice unless Plaintiff filed his updated address with the Court within thirty (30) days pursuant to Nevada Local Special Rule 2-2.[1] (Dkt. #2 at 1-2). The thirty-day period has now expired, and Plaintiff has not filed an updated address or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

---

[1] According to the Nevada Department of Corrections ("NDOC") inmate database, Plaintiff has been released from prison. Plaintiff's last known address is at High Desert State Prison.

amendment of complaint);  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order);  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33;  *Henderson*, 779 F.2d at 1424.  The Court's order requiring Plaintiff to file an updated address within thirty days expressly stated: "IT IS FURTHER ORDERED that if Plaintiff fails to file his current address within (30) days from the date of entry of this order, the Court will dismiss this action with prejudice."  (Dkt. #2 at 2).  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an updated address within thirty days.

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice based on Plaintiff's failure to file an updated address in compliance with this Court's June 4, 2014 order.

**IT IS FURTHER ORDERED** that the motion to proceed *in forma pauperis* (Dkt. #1) is DENIED as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated:  July 11, 2014.

_____
UNITED STATES DISTRICT JUDGE